<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

| | | |
|---|---|---|
| MONTVALE SURGICAL CENTER, LLC | : | |
| a/s/o JUSTIN GUTSCHMIDT, | : | **Civil Action No. 12-3685 (SRC)** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| HORIZON BLUE CROSS BLUE SHIELD | : | |
| OF NEW JERSEY INC. and DISTRICT | : | |
| COUNSEL IRONWORKERS WELFARE | : | |
| FUND OF NORTHERN NEW JERSEY, | : | |
| | | |
| Defendants. | | |

---

<u>**CHESLER**</u>, District Judge

This matter was initiated upon two separate motions to dismiss for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6): one filed by Defendant Ironworkers District Council of North Jersey Welfare Fund[1] (the "Fund") [docket entry 6] and the other by Defendant Horizon Blue Cross Blue Shield of New Jersey Inc. ("Horizon") [docket entry 12] (collectively, "Defendants"). The motions were fully briefed. Upon review of the papers, and pursuant to Federal Rule of Civil Procedure 12(d), the Court converted both motions to dismiss into motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. <u>See</u> December 18, 2012 Order [docket item no. 14]. The Court provided the parties with notice of the conversion as well as an opportunity to submit relevant supplemental material regarding

---

[1] Defendant the Fund was improperly named in the Complaint as "District Counsel Ironworkers Welfare Fund of Northern New Jersey."

the motions.  See id. The parties did not submit any additional materials nor did they otherwise

submit any papers in response to the Court's Rule 12(d) conversion order. The Court therefore

proceeds to rule on the motions under the standard of Rule 56 and based on the papers submitted

prior to the conversion.  The Court rules without oral argument pursuant to Federal Rule of Civil

Procedure 78.  For the reasons discussed below, it will grant summary judgment in favor of

Defendants.


I.    BACKGROUND

       This is an action concerning the allegedly improper underpayment of healthcare benefits

under the Fund's health plan (the "Plan"), a self-funded welfare benefit plan governed by the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  The

Plan was administered by Defendant Horizon, but the Fund pays benefits and makes all final

claims decisions.  Plaintiff Montvale Surgical Center ("Plaintiff" or "Montvale") is an outpatient

ambulatory surgery center where minimally invasive pain management and podiatry procedures

are performed.  It is an "out of network" provider, meaning it does not participate in Horizon's

preferred provider network.

       Montvale rendered services for patient Justin Gutschmidt, a participant in the Plan,

obtained a signed assignment of benefits from him, and submitted claims for reimbursement.

Plaintiff alleges that it has not received full payment on these claims.  The Complaint asserts

state common law claims for breach of contract, promissory estoppel, negligent

misrepresentation and unjust enrichment.

2

II.   **DISCUSSION**

    A.    **Standard of Review**

        Defendants initially challenged the sufficiency of the Complaint under Rule 12(b)(6).  On a Rule 12(b)(6) motion, however, the Court is limited in its review to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  Because Defendants presented extraneous material in support of their motions, the Court exercised its authority to treat them as motions for summary judgment.

        The standard upon which a court must evaluate a summary judgment motion is well-established.  Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). "When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."  In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)).   "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that

there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party.  See Boyle v. County of Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists.  Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985).  The non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial.  Anderson, 477 U.S. at 248; see also Fed.R.Civ.P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).  "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."  Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).  If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

4

**B.     Analysis**

Defendants raised two arguments in their motions to dismiss.  First, they moved to dismiss the Complaint the grounds that ERISA preempts state law claims.  Second, Defendants argued that, even if the Complaint were amended to assert the appropriate claim under ERISA's civil enforcement provision, § 502(a), Plaintiff would fail to state a claim upon which relief could be granted because the factual allegations of the Complaint demonstrate that Plaintiff failed to exhaust administrative remedies.[2]  It was Defendants' exhaustion-based argument that prompted the Court to convert the motions to motions for summary judgment, as both Plaintiff and Defendants relied on factual assertions and exhibits not set forth in or incorporated into the Complaint.

The first argument, regarding ERISA preemption, can be dispensed with summarily. ERISA preemption of state law causes of action is well-established.  See Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004).  ERISA § 502(a) is the statute's civil enforcement mechanism, and subsection (1)(B) expressly grants a plan participant or beneficiary the right to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  The Supreme Court has held that "the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Davila, 542 U.S. at 209 (quoting Metropolitan Life, 481

---

[2] In their motions, Defendants did not challenge the Complaint on the issue of whether the assignment of benefits gives Plaintiff standing to pursue these claims, and this Court will not raise the issue *sua sponte*.

U.S. at 65-66).  Indeed, the statute itself contains a preemption provision.  ERISA § 514(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Suits brought by participants or beneficiaries of ERISA plans concerning matters that "relate to" those plans are governed by the cause of action provided by ERISA § 502(a). Davila, 542 U.S. at 208-09.  All of the state law causes of action seek to recover the benefits to which Montvale claims it is entitled under the Plan.  Clearly, the claims "relate to" the plan.  The entire Complaint is subject to dismissal on preemption grounds alone.

Plaintiff does not oppose Defendants' preemption argument.  In fact, it would appear that Montvale implicitly requests to proceed on an ERISA § 502(a) claim, as its entire opposition brief is dedicated to arguing that Defendants' arguments regarding the failure to exhaust do not preclude Montvale from pursuing a § 502(a) claim.  Of course, a party may not amend its complaint in a brief submitted in opposition to a motion to dismiss.  Federico v. Home Depot, 507 F.3d 188, 201-02 (3d Cir. 2007).  The Court would, however, permit Plaintiff the opportunity to amend the Complaint to re-plead its cause of action as a § 502(a) claim unless that amendment would be futile.  See Phillips, 515 F.3d at 236 (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.")  The Court therefore turns to Defendants' arguments that Plaintiff's § 502(a) claim would fail as a matter of law based on Montvale's failure to exhaust the Plan's administrative remedies.

It is well-established that an ERISA plan participant must exhaust the administrative remedies under the plan before she may initiate a lawsuit to recover benefits or otherwise enforce

her rights under the terms of the plan pursuant to the cause of action created by ERISA §

502(a)(1)(B).  Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, (3d Cir. 2002).  While the

statute itself does not expressly require exhaustion of administrative remedies as a prerequisite to

sue, the United States Court of Appeals for the Third Circuit has described the exhaustion

requirement as a judicial innovation serving many sound policies, among others, reducing

frivolous lawsuits, promoting the consistent treatment of claims for benefits, and enhancing

fiduciary management of plans by preventing premature judicial intervention in the plan

fiduciaries' decision-making process.  Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 279 (3d

Cir. 2007) (citing Harrow, 279 F.3d at 249 and Amato v. Bernard, 618 F.2d 559, 567-68 (9th

Cir.1980)).  The exhaustion requirement is a non-jurisdictional affirmative defense.  Price, 501

F.3d at 280.  Id. at 280; see also Jakimas v. Hoffmann-La Roche, Inc., 485 F.3d 770, 782 (3d Cir.

2007) (holding that defendant bears the burden of proving an affirmative defense to plaintiff's

ERISA claims).

The relevant Plan provision, applicable to post-service hospital and medical claims, such

as those submitted by Montvale with regard to the services provided to Gutschmidt, provides the

following administrative remedy structure:

> There is a two level review for post-service Hospital and Medical claims.
> You will be sent a notice of a decision by Horizon within 30 days for the
> first level of appeal.  If you are dissatisfied with the decision of the first
> appeal, you may submit a second appeal to the Board of Trustees within
> 180 days of the receipt of the first decision.  You will be sent a notice of a
> decision by a Sub-committee of the Board of Trustees within 30 days of
> receipt for the second level of appeal.

(Fund Br., Ex. A at 82.)  The Plan reiterates this information by providing Horizon's address for

submission of post-service hospital and medical claims and the Board of Trustees' address for

7

submission of other appeals, including specifically "the second level appeal for hospital and medical claims."  (Id. at 80-81.)

Defendants argue that Plaintiff did not exhaust its administrative remedies as required by the Plan because it did not properly submit a second level appeal to the Board of Trustees.  They rely on the Certification of the Fund Administrator, whose responsibilities include receiving all appeals pursuant to the Plan.  The Fund Administrator, Peter A. Sclafani, states he has "not received any appeal from Justin Gutschmidt or any assignee of Mr. Gutschmidt concerning services provided by Montvale Surgical Center addressed to the Trustees of the Fund."  (Sclafani Cert., ¶ 7.)

Plaintiff does not dispute this fact or submit evidence to controvert Defendants' demonstration that no appeal was filed with the Fund's Board of Trustees.  Instead, it argues that the second level appeal is not mandatory, and that, even if it were, Plaintiff complied with that obligation by submitting a second level appeal to *Horizon*.  Plaintiff's arguments are unavailing. The Plan clearly requires that two levels of appeals must be exhausted before the initiation of litigation.  It notifies the insured that he may not file "a lawsuit to obtain benefits until after you have requested a review and a *final* decision has been reached on review."  (Fund Br., Ex. A at 83) (emphasis added).   The review provision makes clear that, for the claim at issue, "there is a two-level review."  (Id. at 82.)  Though the provision states that a claimant "may" submit a second appeal if it is dissatisfied with Horizon's first-level decision, the word "may" advises the claimant of his right to further review.  It does not change the nature of the full review process, which consists of two levels, and it does not modify the provision requiring that a final decision be made in that process before a lawsuit may be filed.  Montvale alternatively asserts that it

"substantially complied" with the two-level appeals process by submitting a second administrative appeal to Horizon, rather than to the Board of Trustees. However, Montvale provides no legal authority holding that substantial compliance with ERISA plan terms is sufficient to fulfill ERISA's pre-litigation exhaustion requirement.

Finally, Plaintiff attempts to salvage its private action under ERISA § 502(a) on the grounds that exhaustion of Plan remedies would have been futile. While the Third Circuit recognizes that an exception to the exhaustion requirement applies when "resort to the administrative process [under the ERISA plan] would be futile," it has held that a plaintiff merits this waiver only when the plaintiff makes "a clear and positive showing of futility." Harrow, 279 F.3d at 249 (quoting Berger v. Edgewater Steel Co., 911 F.2d 911, 916 (3d Cir. 1990) and Brown v. Cont'l Baking Co., 891 F. Supp. 238, 241 (E.D. Pa. 1995)). In Harrow, the Court of Appeals identified various factors a court may weigh to assess whether exhaustion should be excused on grounds of futility. They are:

> (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile.

Id. at 250. These factors need not all carry the same weight, and a court should consider the applicability of the futility exception in light of the circumstances of a particular case. Id.

The factors do not weigh in favor of applying the futility exception. Montvale's assertion that it diligently pursued administrative relief is belied by the record, which shows that it submitted a second appeal to Horizon, in spite of the Plan's plain language directing the appeal

9

be sent to the Fund's Board of Trustees.  Montvale also argues that the Fund failed to comply with its own procedures by failing to provide a Summary Plan Description, which Montvale requested of Horizon.  The obligation to furnish a copy of the SPD, however, runs from the plan administrator to the plan participant or beneficiary, upon the latter's written request.  29 U.S.C. § 1024(b)(4).  Montvale is not the plan participant or beneficiary, and Horizon, to which it directed the request for the SPD, is not the Plan administrator within the meaning of ERISA.  As to the remaining factors, Plaintiff provides no evidence to support them.  In short, Plaintiff fails to make the required "clear and positive showing" that exhausting the Plan's administrative remedies would have been futile.

Defendants have come forward with evidence demonstrating that Plaintiff did not exhaust the Plan's administrative remedies before filing this lawsuit.  The Court finds that Defendants, which bear the burden of proving the affirmative defense of failure to exhaust administrative remedies, have established that, as a matter of law, no reasonable jury could find in Plaintiff's favor on an ERISA § 502(a) claim.   Plaintiff, in response, has pointed to no genuine issues of fact.  Having met their burden under Rule 56, Defendants are entitled to summary judgment on the Complaint.

**III.    CONCLUSION**

For the foregoing reasons, the Court will grant summary judgment in favor of the Fund

and of Horizon.  An Order will be filed together with this Opinion.


                                    ____s/ Stanley R. Chesler____
                                    STANLEY R. CHESLER
                                    United States District Judge


Dated:  February 5, 2013

11